FILED
2014 Apr-15  PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | |
|---|---|
| NELL C. DYSART,                              ] | |
|                       ] | |
|    **Plaintiff,**               ] | |
|                       ] | |
| v.                        ] | |
|                       ]  **CV-13-BE-2092-S** | |
| TRUSTMARK NATIONAL BANK, a           ] | |
| corporation; DAVID B. ANDERSON;     ] | |
| DEANNA L. WEIDNER; ANDERSON &   ] | |
| WEIDNER, et. al.,                                  ] | |
|                       ] | |
|    **Defendants.**          ] | |

### MEMORANDUM OPINION

This breach of contract matter is before the court on *pro se* "Plaintiff's Request for Judicial Notice." (Doc. 17).  Although this request was filed as a "Notice," the court will DEEM it to be a motion, because it asks the court to take action.  Defendant Trustmark National Bank opposed the request. (Doc. 19).  For the reasons stated in this Memorandum Opinion, the court finds that the request for judicial notice is due to be GRANTED in part and DENIED in part as further set out below.

Plaintiff Dysart was vice-president of Environmental Management & Emergency Response ("EMER"), a general contractor engaged in the rehab and installation of sanitary sewers in Jefferson County.  Pursuant to the Federal Rules of Evidence, Rule 201,  Dysart requests that the court take judicial notice of the nature and substance of the following documents: (1) a Birmingham News/Birmingham Post-Herald article regarding the Jefferson County Sewer System project and its effect on minority contractors; (2) the terms of two capital

injection loans by and between EMER and Trustmark filed as document 1-1 at 20-21 in federal

court case CV-1003521-IPJ; (3) specific budgetary letters required by Trustmark for approval of

the loans to EMER, and filed as document 1-1, at 23-24, in CV-1003521-IPJ; (4) filings in a

related Jefferson County civil action, CV-04-1638, that Trustmark brought against EMER, Sewer

Rehab and Construction, Inc.,  and Nell and Stuart Dysart, including a notice of dismissal

without prejudice claims against Nell Dysart; (5) unauthenticated documents purportedly

included in Plaintiff's Chapter 7 petition in Bankruptcy Court but with no bankruptcy court

stamp; (6) unauthenticated letters between Plaintiff's counsel and Defendant's counsel but filed

in federal case CV-11-01917-RRA as doc. 49, at 2-3; (7) unauthenticated letter from Plaintiff's

counsel to Plaintiff re her chapter 7 bankruptcy action and foreclosure on the subject property; (8)

copy of a check issued to Plaintiff and filed as document 49-2 in CV-11-1917-RRA; (9) a letter

to Kawana Walker at Alta Financial Corp from a Bankruptcy Administrator at Trustmark dated

February 8, 2006, with attached payment history of Nell Dysart, and filed as document 41, at 5-6

in CV-11-1917-RRA; (10) a "Fact Summary for Motion for Relief from Automatic Stay in

Chapter 7 and 13 Cases" filed in Bankruptcy Case 4-09416-TBB-13 in the Bankruptcy case

listing Nell Dysart as Debtor and Trustmark as Movant; (11) "Petition for Writ of Mandamus to

the U.S. District Court for the Northern District of Alabama in CV-11-1917- RRA with attached

check made out to Tax Collector in the amount of $3,144.23 and signed by Nell C. Dysart dated

3-11-03, document filed on March 2, 2012, and 2002 Tax Receipts (showing no filing stamp

except in the instant case) from Jefferson County and  showing total paid on Parcel 29-36-2-6-

1.003-RR in the amount of 2,714.60 and total paid on Parcel 22-33-3-4-12.000-RR in the amount

of $429.63; (12) an excerpt of an opinion by the Supreme Court of Alabama, *Redman v. Federal*

*Home Loan Mortg. Corp.,* 765 So. 2d 630) and an included exhibit with notation that the bank

treated the Redmans differently than Dysart, sending a letter prior to acceleration; (13) a

newspaper ad with a foreclosure notice on a mortgage executed by Nell C. Dysart, and filed in

case 10-3521-IPJ; and (14) a 2007 Tax Collector History Screen regarding Plaintiff's property.

Defendant Trustmark opposes the Plaintiff's request and argues that all of the above

mentioned documents do not meet the requirements for judicial notice stated in Rule 201.

Rule 201 provides in pertinent part as follows:

> (b) **Kinds of Facts That May Be Judicially Noticed.**  The court may judicially notice a fact that is not subject to reasonable dispute because it
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201 (1975).

## A.  Court Filings and Legal Documents

The Plaintiff requests that the court take judicial notice of a number of filings and orders

in various court cases, including exhibits filed in those cases.   In addressing whether a court

properly takes judicial notice of the nature or substance of court filings and other legal

documents, the Eleventh Circuit has distinguished between taking judicial notice of the *fact* that

court records or court rulings *exist* versus taking judicial notice of the *truth* of matters stated

within those court records or court rulings.  The Court of Appeals explained that

> "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.

*United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted) (quoting *Liberty*

*Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal

quotation marks omitted).

Plaintiff's Exhibits 2, 3, 4, 6, 8, 9, 10, 11, and 12 include court filings in a previous civil

action in the Jefferson County Circuit Court and previous bankruptcy actions in the United States

Bankruptcy Court in the Northern District of Alabama, and an opinion issued by the Alabama

Supreme Court. The court GRANTS the motion to this extent: the court will take judicial notice

of the existence of these filings and orders in court cases, except for the last page of Exhibit 11,

which contains no indication that it was filed in any case other than the current case. However,

the court DENIES the motion to the extent that the Plaintiff requests the court to take judicial

notice that the *facts* stated and findings made in these filings and orders are indisputably *true*, as

further discussed below. *See Jones*, 29 F.3d at 1553. The Plaintiff has not asked for a *res

judicata/*issue preclusion ruling, and this court does not make one.

**B.  The Factual Content of the Requested Documents**

As noted earlier, Rule 201 provides for judicial notice when an adjudicative fact "is not

subject to reasonable dispute" because it meets one of two tests: either it (1) "is generally known

within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In *Jones*, the

Eleventh Circuit explained the legal effect of judicial notice, and defined the nature of a fact that

may be given judicial notice:

> [F]or a fact to be judicially noticed under Rule 201(b), indisputability is a
> prerequisite. Since the effect of taking judicial notice under Rule 201 is to
> preclude a party from introducing contrary evidence and in effect, directing a
> verdict against him as to the fact noticed, the fact must be one that only an
> unreasonable person would insist on disputing. If it were permissible for a court to

> take judicial notice of a fact merely because it has been found to be true in some
> other action, the doctrine of collateral estoppel would be superfluous.  Moreover,
> to deprive a party of the right to go to the jury with his evidence where the fact
> was not indisputable would violate the constitutional guarantee of trial by jury.

*Jones*, 29 F.3d at 1553 (citations omitted).

In the instant case, the court will DENY the motion as to the factual content of all the documents proffered because that content does not meet either of the two tests.  The Plaintiff appears to assume that because a newspaper prints "facts" or because a court clerk files a document or because a lawyer puts a statement in writing, the content of those documents is no longer subject to reasonable dispute.  However, that assumption is not true.  Plaintiff, as the movant, bears the burden of persuading the court that the proffered facts are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources *whose accuracy cannot reasonably be questioned*." *See* Fed. R. Evid. 201 (emphasis added).  She has not done so. Further, the Plaintiff, as movant, fails to provide "a careful delineation of the fact to be noticed." *See* 21 B. Charles Alan Wright &Kenneth Graham, *Federal Practice & Procedure § 5107.1* (2d ed. 2005).  Here, the Plaintiff proffers whole documents and requests that judicial notice to be taken of them without specifying what adjudicative fact the documents are offered to prove.   In addition, the Plaintiff fails to explain in her motion "the purpose or relevance of the noticed fact." *Id.*  For all of these reasons, the court FINDS that the motion is not well taken.

The court recognizes that the Plaintiff is a *pro se* litigant, and notes that other means are available to her to confirm the validity and/or authenticity of documents and documents' contents.  For example, she may propound Requests for Admissions and Interrogatories to the

Defendants as part of the discovery process, and file in the summary judgment process affidavits, declarations, or depositions attesting to the authenticity of documents or to the truth of certain facts.

The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 15th day of April, 2014.

_Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE