IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NELL C. DYSART**,                                  ] | |
| ] | |
| **Plaintiff,**                                       ] | |
| ] | |
| v.                                                   ] | |
| ]                                                    | CV-13-BE-2092-S |
| **TRUSTMARK NATIONAL BANK**, a                       ] | |
| corporation; **DAVID B. ANDERSON**;                  ] | |
| **DEANNA L. WEIDNER**; **ANDERSON &**                ] | |
| **WEIDNER, et. al.,**                                ] | |
| ] | |
| **Defendants.**                                      ] | |

**MEMORANDUM OPINION**

This matter is before the court on "Defendant Trustmark National Bank's Motion to Dismiss Amendment to Count III - Trespass Claim" (doc. 41), "Anderson Weidner Defendants' Motion to Dismiss" (doc. 42), and this court's "Order to Show Cause" (doc. 43), requesting the *pro se* Plaintiff to show cause why the court should not grant those motions. The Plaintiff timely responded to the Show Cause Order. (Doc. 43).

Upon further reflection and with the clarification of the amendment to Count III, the court FINDS that no statute of limitations bar exists as to the trespass claim, because Alabama law provides that the statute of limitations for "actions for any trespass to real or personal property is six years." Ala. Code § 6-2-34(2). Dysart's claim states that the wrongful "trespass" occurred when a third party, Star Properties, entered her real property on October 15, 2007, and she filed suit claiming trespass on October 11, 2013, within six years of that date. The question that remains here is whether the allegations in the amended Count III state a plausible claim for

1

trespass under Alabama law against these particular Defendants.

Plaintiff's "Amendment to Count III - Trespass Claim" provides additional allegations regarding the trespass allegations and the intent of the Defendants when they committed the alleged trespass.  These new allegations are an attempt to respond to the court's Memorandum Opinion and accompanying Order (doc. 37 & 38), dismissing the trespass claim without prejudice.  The court had dismissed the trespass claim because Count III's "confusing and unfortunate incorporation by reference of all previous paragraphs" resulted in the court's inability to "determine which Defendants allegedly committed trespass and what level of intent accompanied the trespass.' The court found that the original trespass count did not state a plausible claim.  (Doc. 37, at 18).

In the Amendment to Count III, Dysart makes abundantly clear that the claim, which she characterizes as one for "trespass," is in fact a challenge to the validity of the foreclosure on her property.  In the amended Count, she identifies Defendants' intentional wrongful act as the "act of foreclosing ... result[ing] in a trespass of others on Dysart's property."  (Doc. 40, at 3 ¶ 5). She further identifies the elements of trespass as follows:

> (1) an interference with a possessory interest in his/her property;
> On August 30, 2002, Dysart signed a mortgage/note contract with Defendant Trustmark, at which time she took title[1] to the residence in which she resided.  On October 15, 2007 Trustmark foreclosed foreclosed [sic] on Dysart's mortgage, thereby violating Dysart's possessory interest in her property.
> (2) through the defendant's physical act or force against that property;
> On October 15, 2007, Defendants Trustmark, Anderson, Weidner, and Anderson-Weidner physically took possession of Dysart's home by permitting Star Properties (the buyer at foreclosure) to post a Demand for Possession letter on Dysart's front-

---

[1] Contrary to these allegations, "[i]n Alabama, a mortgage automatically passes title in the property to the mortgagee [and a] mortgagor has only the equity of redemption in the property." *See Mann v. The Bank of Tallassee,* 694 So. 2d 1375, 1385 (Ala. 1996).

>door–for neighbors to take notice of, which humiliated, embarrassed, and cause Dysart much stress and grief.
>(3) which was executed without his/her consent.
>Dysart had no knowledge of the foreclosure effectuated by Defendants Anderson, Weidner, and Anderson-Weidner, and did not consent to it.

(Doc. 40, at 7-8 ¶ 18).

In her response to the court's Order to Show Cause, Dysart gives an explanation of her trespass claim that reiterates the essence of her claim is one for wrongful foreclosure: "Because on October 15, 2007 when Trustmark breached the mortgage contract by illegally foreclosing on Dysart, from that time forward any person or thing that entered Dysart's property was trespassing. . . .The foreclosure was the act that led to the trespass . . . .If the foreclosure was properly carried out, there would be no cause of action for trespass.  However, the foreclosure was improper and illegal; therefore, a cause of action for trespass is viable."  (Doc. 44, at 4-5).

In sum, Dysart's trespass argument is not that Defendants themselves entered her property.  Rather, she identifies a third party—Star Properties, the buyer at the foreclosure sale—as the entity that physically entered "her" property and posted a statutory notice on the door.  Dysart states that Defendants "permitted" Star Properties to enter her property, but she does not allege that Star Properties was the agent or co-conspirator of Defendants or that Defendants directed, authorized, instructed, or agreed with Star Properties to post the statutory notice.  The misconduct of which she accuses *these Defendants* is improperly foreclosing on the property and improperly preparing the foreclosure documents, which means she is asserting a title dispute based on improper foreclosure and/or a breach of contract claim, asserted in Count I.

In Alabama, however, a title dispute cannot be tried in a trespass action. *See Griffin v.*

3

*Bozeman,* 173 So. 857, 860 (Ala. 1937) (stating that "[t]his action [of trespass] cannot be used to try disputed title"); *Sadler v. Ala. Great S. Ry. Co.,* 85 So. 380 (Ala. 1920) (stating "[t]he title to the land in question cannot be tried or determined in a personal action like this [trespass]"). Under Alabama law, when a bank forecloses on property, the mortgagor has the right to redeem the property, but the bank retains the title to the property and has the right to possession of the property, and the right to enter the mortgaged property at will. Accordingly, upon foreclosure, a bank's "title and right to possession are an absolute defense to an action for trespass." *Mann,* 694 So. 2d at 1385. And, as discussed above, even where the validity of the foreclosure is challenged, the vehicle for that challenge is a suit for wrongful foreclosure/breach of the mortgage contract, not trespass. *See Griffin,* 173 So. at 860; *see also* Am. Jr. 2d Trespass § 62 (stating "[e]ven one who holds a property under a colorable claim of ownership is not subject to a trespass action by the true owner").

 Here, of course, the bank is not even the entity that entered the property subsequent to foreclosure; the third party purchaser is the entity that did so. Dysart provides no authority supporting her argument that a party who forecloses on a mortgage— regardless of whether the foreclosure is properly effected—is liable for trespass based on the third party purchaser's subsequent entry on the mortgaged property. Further, she provides no authority supporting her argument that the attorneys who prepared the foreclosure documents are liable for trespass based on the third party purchaser's subsequent entry on the mortgaged property.

 Dysart does cite *Rushing v. Hooper-McDonald, Inc.,* 300 So. 2d 94, 96 (1974) as supporting her argument that Defendants are liable for Star Properties' entry on her property, but that case does not apply. That case, involving a neighbor dumping asphalt or asphalt-like

4

materials onto adjacent property, polluting the pond over which the plaintiff had possessory rights, holds that a party is liable if it causes a substance to be deposited on another's property. That holding does not apply to the circumstances presented in Count III; the Plaintiff does not allege that these Defendants caused a substance to be deposited on her property.

The court concludes that, under Alabama law, Count III as amended does not state a plausible claim for trespass against the Defendants—Trustmark and its counsel. Accordingly, the motions to dismiss the trespass claim are due to be GRANTED, and Count III as amended, asserting that claim, is due to be DISMISSED. Because this pleading is Dysart's third attempt to state a claim for trespass, this dismissal will be WITH PREJUDICE.

As no further claims remain against Defendant David B. Anderson, Defendant Deanna L. Weidner, and Defendant Anderson & Weidner, those Defendants are due to be DISMISSED as parties.

Dated this 15th day of July, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE