FILED
2015 Sep-21  PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **NELL C. DYSART**, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CV-13-BE-2092-S** |
| **TRUSTMARK NATIONAL BANK, a** | ] | |
| **corporation; DAVID B. ANDERSON;** | ] | |
| **DEANNA L. WEIDNER; ANDERSON &** | ] | |
| **WEIDNER, et. al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION

This matter is before the court on the *pro se* Plaintiff's "Motion to Reconsider the Denial of Plaintiff's Motion for Summary Judgment." (Doc. 72). The Defendant filed a response. (Doc. 74). For the reasons stated in this Memorandum Opinion, the court FINDS that the motion is due to be DENIED.

In the instant case, Dysart's motion lists the following grounds for reconsideration: (1) an argument presented for the first time in this motion that the notices that Trustmark sent to Dysart to collect her mortgage debt were in violation of the automatic stay in bankruptcy, and thus, were void and without effect; (2) documents attached to the motion regarding insurance coverage on the Manchester Court property that were not presented to the court at the summary judgment stage; and (3) alleged clear errors of fact regarding Dysart's attempt to pay property taxes and her ability to pay the amount required to reinstate the mortgage. The court will turn to the Federal Rules of Civil Procedure, as explained in Eleventh Circuit decisions, to determine whether these

grounds support reconsideration.

A motion to reconsider is treated as a motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure if it is filed within 28 days of entry of judgment, and thus, is timely under Rule 59(e).   12 Moore's Federal Practice § 59.30[7] (3d ed. 2015).  Rule 59(e) does not provide a mechanism for a dissatisfied party "to re-litigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).   The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion:  "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg,* 197 F.3d 116, 119 (11th Cir. 1999)).   Courts in this district have recognized that an intervening change in controlling law is also a ground for reconsideration and an exception to the law of the case doctrine. *See, e.g.,  Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cnty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling:  "(1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

In the motion before this court, Dysart presents an argument that she did not argue before the entry of summary judgment: that the notices Trustmark sent to Dysart regarding her mortgage violated the automatic stay in bankruptcy, and thus, were void and without effect.   Dysart had previously argued in her breach of contract claim that Trustmark's notices did not comply with the mortgage contract regarding default and acceleration, and therefore, that Trustmark breached

that contract when it foreclosed upon her property.  Although Dysart, in her sur-reply, quoted the Eleventh Circuit Court of Appeals' statement that actions "'taken in violation of the automatic stay are void and without effect'" and she proceeded to state that the automatic stay "stops all collection efforts," the context of that information was her argument that the tax sale on her Manchester Court property was void and in violation of the automatic stay in bankruptcy.  (P.'s Sur-Reply, doc. 58, at 5 (quoting *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir. 1982)).   She never made the argument that Trustmark's notices were in violation of the automatic stay until the motion for reconsideration, and she presents no reason that she could not have previously done so.  Accordingly, this improper argument falls squarely outside the limited areas that justify reconsideration.

 The second ground for reconsideration is what Dysart characterizes as a factual error based on documents not previously presented to the court.  Dysart takes issue with the facts in the court's Memorandum Opinion referring to insurance coverage on her Manchester Court property. Trustmark had written Dysart in October 2006, advising her that its records indicated that her insurance on her property had been cancelled, that the bank had force-placed insurance, and that, within five days, she must either pay the premium for the force-placed insurance or fax proof of insurance with effective dates.  Trustmark claimed that Dysart never provided to it proof of insurance with effective dates, and the bank later filed a motion and amended motion in early 2007 in Dysart's Chapter 13 Bankruptcy case asking for a lifting of the stay because, among other things, Dysart failed to maintain insurance on the mortgaged property.  This court's Memorandum Opinion addressing the motion for summary judgment stated:

> [Dysart] claims that she had homeowner's insurance in place on the Manchester
> Court property "except for a few months," and that Trustmark was wrong to force-

place coverage in July 2007 because she had already purchased insurance at that
time. . . . However, Dysart acknowledges that she did not file anything in the
Chapter 13 bankruptcy action opposing the motion as amended [to lift the stay
because of the failure to pay insurance].  Further, she filed no *evidence* in the
instant action regarding the date she obtained homeowner's insurance on the
Manchester Court property and the date she notified Trustmark of that purchase
with a copy of the insurance and its effective date; she provides only evidence of
an ALFA insurance cancellation refund dated December 20, 2007.

(Memo. Op. Doc. 70, at 13).

On motion for reconsideration, Dysart presents for the first time documents— without an
accompanying affidavit, declaration, authentication, or certification attesting to their
correctness—which she claims are "proofs of insurance [that] had been misplaced."  (P's motion,
doc. 72, at 6).  Even assuming *arguendo* that the unsworn, unauthenticated documents would
have been properly considered if they had been timely presented, they are not timely: after the
entry of summary judgment, Dysart filed "proof" of insurance documents that she failed to
produce to the bank in 2006, although it requested it; that she failed to produce to the bankruptcy
court in 2007, although a motion addressed the lack of insurance as a reason for lifting the stay in
bankruptcy; and that she failed to file with this court at the summary judgment stage, although
Defendant raised the lack of proof of insurance coverage as an issue. The court notes that Dysart
gives no explanation for the failure to provide these documents previously except that they "had
been misplaced."  (Doc. 72, at 6).  Presumably, even if she or someone else had misplaced them,
she could have asked for new copies of the documents from the insurance companies; Dysart
provides no reason that she could not have obtained these documents prior to the entry of
judgment.

Newly-discovered evidence is a ground for reconsideration; however, the Eleventh
Circuit has explained that evidence that could have been discovered and presented at the

summary judgment stage is not "newly discovered" within the meaning of Rule 59.  *See Arthur v. King,* 500 F.3d 1335, 1343-44 (11th Cir. 2007) (explaining that an affidavit presented with a motion for reconsideration did not offer "newly discovered" evidence because the information in the affidavit "could have been discovered" previously and filed with the complaint).  Any other ruling would encourage litigants to wait until after an adverse judgment to make the dilatory effort to "discover" evidence or to find or request documents that would have been available beforehand , and thus, to obtain a second belated "bite" at the proverbial apple of justice.

In any case, the court sees no error, manifest or otherwise, in the Memorandum Opinion based on the facts before the court at the time.  Further, the court sees no error based on the information provided after entry of judgment.  Regardless of whether Dysart actually had insurance on her property, the crucial fact is that Trustmark asked her to provide proof of that insurance coverage but that she failed to do so.  Dysart now provides documents that, if correct, reflect she had insurance coverage "except for a few months," showing that she was without insurance coverage from 5/01/06 through5/03/06, and from 11/05/06 through 2/12/07.  The latter coverage gap occurred during the period when Trustmark force-placed coverage.  The belated documents also reflect that her insurance company did not list the correct bank as the mortgagee for a period in 2006, and, even though this mistake was eventually corrected, this information would be consistent with Trustmark's not having confirmation of insurance coverage on Dysart's property.   Significantly, Dysart has never offered evidence that she provided Trustmark with proof of the insurance policy covering the Manchester Court property and the effective date of the coverage after that information was requested in 2006, and, without such proof, Trustmark had the right, and indeed, the obligation, to force-place insurance coverage to protect the

property.  The court FINDS that the insurance documents presented for the first time on reconsideration do not provide appropriate grounds for reconsideration.   The court also notes that the documents belatedly presented would not change the result of its summary judgment ruling in favor of the Defendant and against the Plaintiff on the breach of contract issue.

Other errors that Dysart alleges on reconsideration relate to her alleged attempt to pay taxes and ability to pay the amount needed to reinstate her mortgage.  The court FINDS no manifest error based on the evidence presented to this court at the summary judgment stage.  The court notes that documents filed in another action, Dysart II, do not represent evidence filed in the current action except to the extent that they were authenticated in this case in affidavits or declarations  or to the extent that the court had granted a request to take judicial notice of them. Additionally, Dysart appears to be challenging the accuracy of what her attorney told Trustmark and Trustmark's reliance on her attorney's communications; however, an attorney is a party's advocate, and Trustmark generally had the right to rely on communications from Dysart's attorney.   Finally, some of these arguments are immaterial or re-litigate old matters addressed and decided at the summary judgment stage unaccompanied by a showing manifest error, and thus, represent inappropriate grounds for reconsideration.

In sum, the court FINDS that no grounds exist for reconsideration under Rule 59(e); the court WILL DENY the motion for reconsideration.  The court will enter a separate order consistent with this Memorandum Opinion.

Dated this 21st day of September, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE