FILED

2020 Aug-19  PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NELL DYSART,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.** |
| | ] | **2:13-CV-02092-KOB** |
| **TRUSTMARK NATIONAL BANK,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Trustmark National Bank's motion to exclude the testimony and report of Plaintiff Nell Dysart's expert Scott Long, whom Ms. Dysart seeks to introduce as a damages expert. (Doc. 117). Trustmark argues that, because Mr. Long is a real estate broker and not a licensed appraiser, he is not a competent witness under Alabama law and his proposed testimony does not meet the relevance requirements for expert witnesses. After considering the submissions of the parties, the court finds that Alabama law does not preclude Mr. Long's testimony, that Mr. Long otherwise qualifies as competent, and that his evidence would be relevant. Thus, the court will deny Trustmark's motion.

## I.    Factual Background

This case arises out of an alleged wrongful foreclosure and sale of Ms.

Dysart's home by Trustmark, who held a mortgage note on the property.  Ms.

Dysart alleges that Trustmark breached the mortgage contract by foreclosing on

her house without proper notice to her.  Ms. Dysart's damages claims rely in part

on the value of her home, and she intends to use Mr. Long—a real estate agent and

broker who worked on the subdivision where Ms. Dysart's home is located—as an

expert witness regarding the home's market value.  Mr. Long is a licensed real

estate agent and broker in Alabama, but not a licensed appraiser.

## II.      Standard of Review

Federal Rule of Evidence 702 governs the admissibility of expert testimony

and provides:

> A witness who is qualified as an expert by knowledge, skill,
> experience, training, or education may testify in the form of an
> opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge
> will help the trier of fact to understand the evidence or to determine a
> fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods;
> and
> (d) the expert has reliably applied the principles and methods to the
> facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*

established rules for a district court's inquiry into the admissibility of expert

testimony under Rule 702.  509 U.S. 579 (1993).  The proponent of any expert

testimony bears the burden of showing that the expert meets the *Daubert*

requirements. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). The

Eleventh Circuit has stated that that district courts should fulfill their

"gatekeeping" function concerning the admissibility of expert testimony under

*Daubert* by evaluating whether the expert testimony meets three requirements:

qualification, reliability, and helpfulness. *Seamon v. Remington Arms Co.*, LLC,

813 F.3d 983, 988 (11th Cir. 2016).

First, under the "qualification" prong, the court must determine whether "the

expert is qualified to testify competently regarding the matters he intends to

address." *Seamon*, 813 F.3d at 988 (quoting *City of Tuscaloosa v. Harcros*

*Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)) (citing in turn *Daubert*, 509

U.S. at 589). Second, under the "reliability" prong, the court must determine

whether the expert's methodology "is sufficiently reliable as determined by the sort

of inquiry mandated in *Daubert*." *Id.* A *Daubert* inquiry requires evaluating

"whether the reasoning or methodology underlying the testimony is scientifically

valid and ... whether that reasoning or methodology properly can be applied to the

facts in issue." *Daubert*, 509 U.S. at 600 (quotation omitted). And finally, under

the "helpfulness" prong, the court must decide whether "the testimony assists the

trier of fact, through the application of scientific, technical, or specialized

expertise, to understand the evidence or to determine a fact in issue." *Seamon*, 813

F.3d at 988 (quoting *Harcros*, 158 F.3d at 562) (citing in turn *Daubert*, 509 U.S. at 589).

*Daubert* specifically dealt with scientific testimony, but standards of scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999). For nonscientific expert testimony, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152. A district court may decide that nonscientific expert testimony is reliable based "upon personal knowledge or experience" of the witness. *Id.* at 150.

## III.   ANALYSIS

In its motion, Trustmark argues that the court should exclude Mr. Long's testimony and report because he is not competent to testify under Federal Rule of Evidence 601 and Alabama law, as he is a real estate agent and broker, not a licensed appraiser. (Doc. 117). Trustmark asserts that Ala. Code §§ 34-27A-2, 3 govern valuation of real property and state that only a licensed appraiser can perform such an evaluation of the monetary value of real property.

In response, Ms. Dysart argues that Mr. Long is uniquely qualified to place a value on the house because he worked to develop and market the subdivision where the house is located. (Doc. 121). Ms. Dysart further states that Trustmark

misunderstands the applicability of Alabama law here, as the Code sections referenced by Trustmark do not apply to expert testimony, merely to appraisals as defined by the Code.

Ms. Dysart further asserts that Mr. Long qualifies as an appropriate expert witness under Rule 702.  She states that Mr. Long has worked in the real estate business for 18 years and has a wealth of real estate experience that includes estimating values for homes.  Because he worked in selling the subdivision where Ms. Dysart's home is located, Mr. Long also originally sold Ms. Dysart's house and other houses in the subdivision, which required him to assess their market value.  Ms. Dysart additionally explains that Mr. long performed extensive research and gathered information to make his value assessment.

In reply, Trustmark specifically asserts that it "never argued that Long's opinion is due to be excluded because of a lack of reliability itself," but, instead, argued that his opinion should be excluded under Rule 702 because it is not relevant, as the Alabama Code forbids him giving an opinion on the valuation of a house without an appraisal license.  (Doc. 124 at 1).  It argues that the application of Rule 601 requires the application of the Alabama law forbidding appraisal by anyone not licensed under the appraisal sections of the Alabama Code.

As an initial matter, Trustmark's reply brief makes clear that it only challenges the evidence's *relevance* under Rule 702 because of Mr. Long's alleged

*lack of competence* under Rule 601.  Federal Rule of Evidence 601 governs competency of witnesses to testify at trial and states that "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 601.  Trustmark asserts that, because Ms. Dysart claims breach of contract under Alabama law, Alabama law regarding appraisal of real property renders Mr. Long incompetent to testify to the home's market value.

Chapter 27A of Title 24 of the Alabama Code governs real estate appraisers. Ala. Code § 34-27A-1.  The Code defines "appraisal" as "[t]he act or process of developing an opinion of value of real property; an opinion of the value of real property; of or pertaining to appraising real property and related functions such as appraisal practice or appraisal services."  Ala. Code § 34-27A-2(1).  The same provision also defines an "appraiser" as "[a] person who holds a license or certification to complete a real estate appraisal in the state where real property that is the subject of the appraisal is located."  Ala. Code § 34-27A-2(8).

The Alabama Code requires that anyone who performs an appraisal under the statute for a fee or other consideration hold an appraisal license.  Ala. Code § 34-27A-3(a).  But, the provision has an exception stating that "this article shall not apply to, or preclude, a person who is not a licensed real estate appraiser from performing real estate market analysis, in that person's capacity as a licensed real

estate broker or salesperson under this title" and that the article also does not apply to "a licensed real estate broker or salesperson, who in the ordinary course of business, gives an opinion to a potential seller or third party as to the recommended listing price of real estate, or an opinion to a potential purchaser or third party as to the recommended purchase price of real estate." Ala. Code § 34-27A-3(c).

The court finds that the appraisal provisions in the Alabama Code do not preclude Mr. Long from testifying in this case or render his purported evidence irrelevant. The Alabama Code sections governing licensure of appraisers have no direct reference to a valuation of property for the purposes of expert testimony. *See* Ala. Code § 34-27A-3(c). Further, the statutes specifically contain an exception allowing real estate brokers and salesmen, like Mr. Long, to perform market analysis and offer opinions regarding the price of homes. *See* Ala. Code § 34-27A-3(c). Trustmark fails to provide the court with any authority indicating that Mr. Long cannot offer such an opinion as an expert witness.

Because it cannot cite to directly applicable authority, Trustmark attempts to rely on cases involving medical malpractice in which expert testimony was excluded under state statutes. In the main case relied upon by Trustmark, the Eleventh Circuit held that the district court had not properly considered a Georgia statute specifically establishing the requirements for an expert in a medical malpractice case. *McDowell v. Brown*, 392 F.3d 1283, 1296 (11th Cir. 2004). The

7

court finds that case distinguishable from the case at hand.  In *McDowell*, the state statute at issue clearly dealt with competency of an expert witness to testify in a medical malpractice case.  *See McDowell*, 392 F.3d at 1296.  Here, the statute has no such reference to expert testimony.

In a similar case relied upon by Trustmark, the District Court for the Middle District of Alabama, in determining whether to exclude evidence, examined the applicability of an Alabama statute specifically delineating the requirements for expert medical testimony in medical malpractice cases.  *Barton v. Am. Red Cross*, 829 F. Supp. 1290, 1299 (M.D. Ala. 1993), *aff'd*, 43 F.3d 678 (11th Cir. 1994), and *aff'd*, 43 F.3d 679 (11th Cir. 1994).  Here, the statute at issue deals with licensure for appraisals and contains not the barest mention of expert testimony.  *See* Ala. Code §§ 34-27A-2, 3.  So, the court does not find the cases relied upon by Trustmark persuasive.

Finally, a bankruptcy court in this district has previously considered real estate broker testimony regarding the fair market value of a home.  *In re Sharpe*, 425 B.R. 620, 638 (Bankr. N.D. Ala. 2010).  Additionally, the Alabama Supreme Court has, on at least one occasion, allowed expert testimony from a real estate broker as to the value of real property.  *See Historic Blakely Auth. v. Williams*, 675 So. 2d 350, 351 (Ala. 1995) (allowing the jury to consider expert testimony from a real estate broker in a case involving just compensation for condemned property).

Accordingly, Trustmark entirely lacks support for its argument that Mr. Long cannot testify regarding the value of the property under Alabama law, and the court will not exclude the evidence for lack of relevance because of lack of competence pursuant to Rule 601.

Where a court deems a witness competent to testify on a substantive issue in a case under Rule 601, the court should then conduct an analysis under Rule 702 to determine admissibility. *McDowell*, 392 F.3d at 1295. Here, as discussed above, Trustmark does not contest Mr. Long's qualifications under Rule 702 outside of the Rule 601 issue. Further, Ms. Dysart has shown that Mr. Long is a licensed real estate broker with extensive experience in the real estate market generally and extensive particular knowledge about the value of the homes in the subdivision where Ms. Dysart's home was located.

The court finds that this experience and knowledge could help the jury understand the market value of Ms. Dysart's home based on sufficient facts and data. *See* Fed. R. Evid. 702. In other words, the court finds that Mr. Long can competently provide reliable testimony about the market value of Ms. Dysart's home in a way that will assist the jury in determining the value of the home for damages purposes, as Mr. Long can base his testimony on his extensive personal knowledge and experience. *See Seamon*, 813 F.3d at 988; *Kumho Tire*, 526 U.S. at 150. So, the court finds that Ms. Dysart has shown that, pursuant to Rule 702 and

*Daubert* and its progeny, the court should not exclude Mr. Long's testimony.

Because the court finds that it should not exclude Mr. Long's testimony under either Rule 702 or Rule 601, the court will DENY Trustmark's motion to exclude Mr. Long's expert testimony and report.

**DONE** and **ORDERED** this 19th day of August, 2020.

_____

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

10